UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09313-CBM-(BFMx) | Date | July 1, 2024   JS-6 |
| Title | *Johnny Arco v. Doe et al* | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   **IN CHAMBERS- ORDER RE: DISMISSAL OF CASE**

This case was filed on November 3, 2023. (Dkt. No. 1.) On the same day, Plaintiff filed a request to proceed *in forma pauperis*. (Dkt. No. 2.) On November 14, 2023, the Court postponed ruling on the request and ordered Plaintiff to provide two types of information within 30 days. (Dkt. No. 9.) First, Plaintiff was ordered to file an IFP request without a pseudonym. (*Id.*) Second, Plaintiff was ordered to file an amended complaint with a short and plain statement of each of his claims. (*Id.*)

On November 28, 2023, Plaintiff filed a notice of appeal with the United States Court of Appeal for the Ninth Circuit. (Dkt. No. 11.) On January 19, 2024, the Ninth Circuit issued an order stating that it lacked jurisdiction over the appeal "because the district court has not issued any orders that are final or appealable," and dismissed the appeal for lack of jurisdiction. (Dkt. No. 16.)

In the interim, on December 14, 2023, Plaintiff filed a Motion, which included a request to proceed *in forma pauperis* using Plaintiff's real name, a request for extension of time to file an amended complaint, and a request for appointment of counsel. (Dkt. No. 14 at 1, 3–4.) On May 16, 2024, the Court granted Plaintiff's request for an extension of time and ordered Plaintiff to file an amended complaint within thirty (30) days of the date of the Order. (Dkt. No. 17.) The Court also denied without prejudice Plaintiff's request for appointment of counsel because Plaintiff had not demonstrated the exceptional circumstances necessary for the appointment of counsel. (*Id.*; *see Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (noting that a "finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the [Plaintiff] to articulate [his] claims *pro se* in light of the complexity of the legal issues involved"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (affirming denial of motion to appoint counsel, even though the plaintiff "may have found it difficult to articulate his claims pro se," where the difficulty did not derive from the complexity of the issues involved).) On June 3, 2024, the Court was notified that a mailed copy of the Court's May 16, 2024 Order was returned to sender. (Dkt. No. 18.)

Local Rule 41-6 requires a party proceeding *pro se* to "keep the Court and all other parties informed of the

party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."

In light of Plaintiff's failure to file an amended complaint pursuant to the Court's May 16, 2024 Order and Plaintiff's failure to maintain a current address with the Court, the Court hereby dismisses this action without prejudice.

Please ENTER JS-6.

**IT IS SO ORDERED.**